

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
04/23/2013

| | | |
|---|---|---|
| IN RE: | § | Case No. 12-37743 |
| CAROLINA YOUNG, | § | Chapter 7 |
| Debtor(s). | § | Judge Isgur |

### MEMORANDUM OPINION

The Trustee's Objection to Homestead Exemption, (ECF No. 15), is granted. Young must turn over to the Trustee the funds previously escrowed with Bank of America.

### Background

At a hearing on February 20, 2013, the parties stipulated to the following facts.

Prior to bankruptcy, Carolina Young had a mortgage with Bank of America and an escrow deposit in connection with that mortgage. Young paid off the loan prior to the petition date, and thus owned the home free and clear of the mortgage at the time she filed for bankruptcy. Bank of America still had funds in her escrow account as of the petition date.

The escrowed funds were supposed to be used for property taxes on the home, but were not. Young paid the property taxes herself. No property taxes were owed on the home when Young filed bankruptcy.

Young filed bankruptcy on October 18, 2012. (ECF No. 1). Young claimed these (previously) escrowed funds as exempt property protected via Texas's homestead exemption. (ECF No. 14 at 1). The Trustee objected to this claimed exemption. (ECF No. 15).

### Analysis

Young's sole case in support is *Aetna Finance Company v. First Federal Savings and Loan Association*. 607 S.W.2d 312 (Tex. Ct. App.—Austin 1980).

In *Aetna Finance*, judgment debtor Williams owed judgment creditor Aetna Finance

$731.27 on a judgment. 607 S.W.2d at 313.

Williams also owed First Federal under the terms of a real estate mortgage note and deed of trust. *Id.* Pursuant to these agreements, Williams paid First Federal monthly installments that went into a reserve fund in order to pay taxes and other assessments against the subject property, as well as insurance premiums. *Id.*

Aetna filed an application for a writ of garnishment, seeking to levy upon the reserve fund held by First Federal. *Id.* Aetna argued that these reserve funds were not payments by Williams on amounts owed pursuant to the mortgage note and deed of trust, but were instead simply bailments of Williams's property held in trust by First Federal (and thus subject to garnishment). *Id.*

The trial court held that these funds were not subject to garnishment. The trial court made the following findings of facts: (i) the reserve fund was part of the indebtedness Williams owed First Federal under the mortgage note and deed of trust; (ii) First Federal would not have refunded Williams any amount from the reserved fund, even upon his request; and, (iii) the reserve fund was intended by First Federal and Williams as a contractual security device. *Id.*

The appellate court affirmed and noted the following:

> Williams no longer 'owns' the money in question which ends up in the reserve account, nor can he insist that it be returned to him. At most, he has a contractual right to insist that First Federal perform its obligation to pay their annual charges on the property when they come due. He has no right to require that First Federal pay him any sum of money at all.

*Id.* at 314.

The logic of *Aetna Finance* really relates to limitations on the power of garnishment and not to the extent of Texas's homestead exemption. *See id.* at 314 ("[A] plaintiff in garnishment merely steps into the shoes of his debtor as against the garnishee, and may enforce, as against

such garnishee whatever rights the [judgment] debtor could have enforced had such [judgment] debtor been suing the garnishee directly."). In fact, the word homestead does not appear in the *Aetna Finance* case. Williams couldn't get the funds back from First Federal, and so Aetna (who only has the same rights as judgment debtor Williams) could not garnish the funds.

Although the escrow funds might have been part of her indebtedness to Bank of America, Young had paid off the loan and owned the home free and clear of the mortgage when she filed bankruptcy. Similarly, whether the escrow funds were previously considered as a contractual security device between Young and Bank of America is immaterial because such security was no longer in place once the loan was paid.

Most importantly, unlike Williams, Young had the right to demand return of the (previously) escrow funds. Unlike Williams, Young's rights to the funds were not limited to forcing Bank of America to make payments in relation to her homestead (e.g., property taxes or insurance premiums). Young had the right to demand that Bank of America return the funds without conditions. Young had an entitlement to the (previously) escrowed funds that Williams did not have in the reserve funds at issue in *Aetna Finance*.

Young did not submit any additional briefing (other than submitting two articles along with the *Aetna Finance* case). The Court is not aware of any other cases supporting Young's argument.

The Court has scoured the statute. Nothing in the statute specifically protects the previously escrowed funds.

Moreover, no injustice is worked by this outcome. If Young had received the refund prior to bankruptcy, she would have held nonexempt cash that would have become property of the Estate. If the escrowed funds had been used to pay property taxes, then the cash that was

actually used to pay the property taxes would have been nonexempt. Under any scenario, there is no justification for extending Texas exemption law to include the funds at issue.

### Conclusion

The Court will issue an Order in accordance with this Memorandum Opinion.

SIGNED **April 23, 2013.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE